Stutzman et al., Appellants, *v.* Barnhart et al.

Argued April 1, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*J. J. Kintner,* with him *Fred J. Fees,* for appellants.

*Philip N. Shettig,* with him *A. Lloyd Adams,* for appellees.

OPINION BY MR. JUSTICE LINN, April 22, 1935:

The Viewmont Realty Company was a corporation of Pennsylvania organized for the purpose of buying and selling real estate. It had three shareholders, William H. Sunshine, William S. Stutzman and H. Earl Sorber. It bought from Anna M. Stutzman, wife of William S. Stutzman, the land it proposed to sell as building lots. The land was heavily encumbered and was nonrevenue producing, save as it might be sold at a profit.

In 1921, on a stockholders' bill, a receiver was appointed. April 27, 1922, by agreement executed by the stockholders, the corporation and others, the receivership was terminated and Robert C. Hoerle and Frank P. Barnhart were authorized to sell the lots and to account for the proceeds; and it was arranged that Jennie S. Boyer, a clerk in Mr. Barnhart's employ, should become acting treasurer. The agreement provided for payment of debts out of the proceeds of the sales, and payment of any surplus to the company. The parties entered upon the performance of their undertaking. Hoerle died. In Novem-

ber, 1932, this bill was filed against Frank P. Barnhart, Miss Boyer and the company for an accounting. In their answer, defendants set forth an account of all receipts and expenditures showing cash on hand $5.20 and certain amounts due for lots sold; it appeared in the answer that a number of the lots remained unsold. Evidence was taken and the case was exhaustively considered, first, by the chancellor, and, thereafter, by the court in banc, which affirmed the findings of fact and law made by the chancellor and joined in a decree dismissing the bill, reserving for future consideration, however, a question presented on the record. An appeal was then taken to this court where the interlocutory nature of the decree appealed from was raised. The record was accordingly remitted to the court below for further consideration of the reserved question. The matter was then again heard by the chancellor and the court in banc and finally disposed of by a decree dismissing the bill now presented for review.

Complaint is made that Frank P. Barnhart and Miss Boyer (whom the chancellor held to be trustees) should be surcharged because the lots were not sold sooner. The learned court below was of opinion that, considering the conditions in the real estate market in the ten years covered by the evidence, it could not be said that there had been any violation of the terms of the agreement in the respect indicated.

Appellants also complain that in 1925 Barnhart became a purchaser of one-half interest in 68 lots sold to Siciliano, the selling agent employed by defendants. The findings of fact on this subject are that all the parties interested, except Stutzman, knew of this, at the time, and that Hoerle, the other trustee, approved the transaction at the time, and that Stutzman learned of it shortly afterwards and apparently acquiesced. The evidence is that the purchase was made at a price for which the land was listed for sale to anybody else, though Barnhart would have profited by one-half the 15% selling

commission, which Siciliano was allowed to deduct from the price at which he bought the lots. It was on this phase of the case that supplementary consideration was given by the court below after the record was remitted by this court as stated above. In the supplementary adjudication the learned chancellor says: "At the hearing on August 23, 1934, Frank P. Barnhart, trustee, and one of the defendants, made a final charge for unpaid services, amounting to $5,445, he having previously received the sum of $1,330.10, making his total charge for services rendered the sum of $6,775.10. The said trustee also charged himself with the sum of $3,082.50, representing one-half of the commission of Joseph Siciliano on the sixty-eight lots purchased by him, and in which the said trustee acquired a one-half interest. This sum the trustee has not paid in cash, and asks that the same be deducted from the balance of the fee due him, leaving after such deduction a balance on his fee as trustee of $2,362.50. The charge for the services performed, set forth in detail at the hearing on June 23, 1934, we conclude to be reasonable, especially in view of the fact that the codefendant, Miss Jennie Boyer, acting secretary and treasurer, makes no charge for her services, and admittedly during that period was paid by the trustee for the work by her performed; and, therefore, the charge made by the trustee for services performed is allowed with the aforesaid deduction for commissions heretofore unaccounted for in the sum of $3,082.50." Having the approval of the court in banc, we find nothing in the argument on behalf of appellants that should lead to a different conclusion.

Decree affirmed at appellants' costs.